Louis Pechman
Washcarina Martinez Alonzo
488 Madison Avenue - 11th Floor
New York, New York 10022
(212) 583-9500
pechman@pechmanlaw.com
martinez@pechmanlaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- X

ESTEBAN MANTILLA, JORGE MANTILLA, and WENCESLAO CRUP,

Plaintiffs,

-against-

BHP LLC d/b/a BROOKLYN FLIPSTER'S BURGER BOUTIQUE, ARISTOTLE HATZIGEORGIOU, and EUGENIA HATZIGEORGIOU,

Defendants.

----------------------------------------------------------------- X

**COMPLAINT**

Plaintiffs Esteban Mantilla, Jorge Mantilla, and Wenceslao Crup (collectively, "plaintiffs") by their attorneys Pechman Law Group PLLC, complaining of defendants BHP LLC d/b/a Brooklyn Flipster's Burger Boutique ("Brooklyn Flipster's"), Aristotle Hatzigeorgiou, and Eugenia Hatzigeorgiou (collectively, "defendants"), allege:

## NATURE OF THE ACTION

1. This action is brought to recover unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), and New York Labor Law § 190, *et seq*. ("NYLL"). This action is also brought to recover unpaid spread-of-hours pay and statutory damages as a result of defendants' failure to provide wage statements and annual wage notices pursuant to the Wage Theft Prevention Act.

2. Plaintiffs are former cooks and dishwashers at Brooklyn Flipster's who were improperly paid below the statutory minimum wage and/or denied the proper overtime compensation for the hours they worked in excess of forty per workweek.

3. Plaintiffs were also denied spread-of-hours pay when the length of their workday was longer than ten hours.

4. Defendants denied plaintiffs Jorge Mantilla and Wenceslao Crup overtime compensation to which they were entitled, and instead paid them a "straight-time" hourly rate for all hours worked, including those over forty per workweek.

5. Defendants denied plaintiff Esteban Mantilla overtime compensation to which he was entitled, instead paying him a weekly salary for all hours worked, including those over forty per week.

6. Defendants failed to furnish plaintiffs with annual wage notices and accurate wage statements.

7. Plaintiffs seek compensation for unpaid minimum wage and overtime pay, unpaid spread-of-hours pay, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

## JURISDICTION

8. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiffs' claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

9. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, as defendant Aristotle Hatzigeorgiou's residence is located at 80 Warren Street, Apt. 66, New York, New York 10007, in the Southern District of New York.

## THE PARTIES

**Plaintiffs**

10. Esteban Mantilla resides in Brooklyn, New York.

11. Defendants employed Esteban Mantilla as a cook from in or about 2005 through December 21, 2015.

12. Jorge Mantilla resides in Brooklyn, New York.

13. Defendants employed Jorge Mantilla as a cook from in or about 2007 through December 21, 2015.

14. Wenceslao Crup ("Crup") resides in Brooklyn, New York.

15. Defendants employed Crup as a dishwasher from in or about October 22, 2009 through 2013, and as both a dishwasher and a cook from 2014 through December 21, 2015.

**Defendants**

16. Defendant BHP LLC owned and operated Brooklyn Flipster's, a burger restaurant located at 444 9th Street, Brooklyn, New York 11215. The restaurant was open seven days a week from 11:00 a.m. to 12:00 a.m. and closed in late December 2015.

17. Defendant BHP LLC was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

18. Defendant BHP LLC had employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

19. BHP LLC had an annual gross volume of sales in excess of $500,000.

20. Aristotle Hatzigeorgiou was the founder and owner of Brooklyn Flipster's.

21. Aristotle Hatzigeorgiou is an experienced restaurateur. He also owns Slate, a multi-level night club, located at 54 West 21st Street, New York, New York 10010; Clinton Hall, a gastro-pub and beer hall, located at 90 Washington Street, New York, New York 10006; and Ambrose Beer and Lobster, a craft-beer hall, located at 18 Fulton Street, New York, New York 10038.

22. Aristotle Hatzigeorgiou exercised sufficient control over BHP LLC's operations to have been considered plaintiffs' employer under the FLSA and NYLL.

23. Aristotle Hatzigeorgiou established and exercised authority regarding the managerial and administrative practices at Brooklyn Flipster's.

24. At all relevant times, Aristotle Hatzigeorgiou had power over personnel decisions at Brooklyn Flipster's, including the power to discipline employees, hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

25. At all relevant times, Aristotle Hatzigeorgiou had power over payroll decisions at Brooklyn Flipster's, including the power to retain time and/or wage records.

26. Defendant Eugenia Hatzigeorgiou is an owner of BHP LLC.

27. Eugenia Hatzigeorgiou exercised sufficient control over Brooklyn Flipster's operations to be considered plaintiffs' employer under the FLSA and NYLL.

28. At all relevant times, Eugenia Hatzigeorgiou had power over personnel decisions at Brooklyn Flipster's, including the power to discipline employees, hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

29. Eugenia Hatzigeorgiou established and exercised authority regarding the managerial and administrative practices at Brooklyn Flipster's.

30. At all relevant times, Eugenia Hatzigeorgiou had power over payroll decisions at Brooklyn Flipster's, including the power to retain time and/or wage records.

31. At all relevant times, Eugenia Hatzigeorgiou was involved in managing the day-to-day operations of Brooklyn Flipster's.

## FACTUAL ALLEGATIONS

**Esteban Mantilla**

32. Esteban Mantilla worked at Brooklyn Flipster's approximately seventy-four hours per workweek: Monday, Wednesday, Thursday, Friday, and Saturday from approximately 10:00 a.m. to 10:00 p.m., and Sunday from approximately 11:00 a.m. to 1:00 a.m.

33. Throughout his employment, Esteban Mantilla regularly received a set weekly salary for all hours worked, including hours over forty per workweek.

34. Esteban Mantilla did not receive an uninterrupted break lasting longer than twenty minutes per day.

35. In or about 2010, Esteban Mantilla received a weekly salary of $600, regardless of the number of hours he worked per workweek.

36. From in or about 2011 through 2013, Esteban Mantilla received a weekly salary of $900, regardless of the number of hours he worked per workweek.

37. From in or about 2014 through 2015, Esteban Mantilla received a weekly salary of $800, regardless of the number of hours he worked per workweek.

38. Esteban Mantilla was consistently required to work over forty hours per week.

39. Defendants failed to compensate Esteban Mantilla at time and one-half his regular hourly rate for all hours he worked beyond forty in any given week.

40. Esteban Mantilla regularly worked shifts that spanned more than ten hours a day.

41. Defendants did not pay Esteban Mantilla spread-of-hours pay of an additional hour's pay at the minimum wage rate for every day in which his shift spanned more than ten hours.

42. Defendants failed to furnish Esteban Mantilla with annual wage notices.

43. Defendants failed to furnish Esteban Mantilla with accurate statements of wages.

**Jorge Mantilla**

44. Jorge Mantilla worked at Brooklyn Flipster's approximately sixty-three hours per workweek: Sunday, Monday, and Tuesday from approximately 10:00 a.m. to 10:00 p.m., and Thursday, Friday, and Saturday from approximately 5:00 p.m. to 2:00 a.m.

45. Jorge Mantilla did not receive an uninterrupted break lasting longer than twenty minutes per day.

46. From in or about 2009 through 2010, Jorge Mantilla was paid $8.00 per hour for all hours worked, including hours worked over forty per workweek.

47. In or about 2011, Jorge Mantilla was paid $9.00 per hour for all hours worked, including hours worked over forty per workweek.

48. From in or about 2012 through 2013, Jorge Mantilla was paid $10.00 per hour for all hours worked, including hours worked over forty per workweek.

49. From in or about 2014 through December 21, 2015, Jorge Mantilla was paid $11.00 per hour for all hours worked, including hours worked over forty per workweek.

50. Defendants failed to compensate Jorge Mantilla at the rate of one and one-half his regular hourly rate for all hours worked beyond forty hours per workweek.

51. Jorge Mantilla regularly worked shifts that spanned more than ten hours per day.

52. Defendants did not pay Jorge Mantilla spread-of-hours pay of an additional hour's pay at the minimum wage for every day in which his shift spanned more than ten hours.

53. Defendants failed to furnish Jorge Mantilla with annual wage notices.

54. Defendants failed to furnish Jorge Mantilla with accurate statements of wages.

**Wenceslao Crup**

55. From in or about 2010 through 2013, Crup worked at Brooklyn Flipster's as a dishwasher for one-hundred five hours per week, working seven days a week from approximately 10:00 a.m. to 1:00 a.m.

56. From in or about 2010 through 2013, Crup was paid $7.25 per hour for all hours worked, including hours worked over forty per workweek.

57. From in or about 2014 through December 21, 2015, Crup worked as both a cook and a dishwasher.

58. From in or about 2014 through 2015, Crup worked approximately ninety-two hours per work week: Mondays as a dishwasher from approximately 10:00 a.m. to 1:00 a.m., Tuesdays as a cook from approximately 5:00 p.m. to 1:00 a.m., Wednesdays as a dishwasher from approximately 10:00 a.m. to 5:00 p.m. and as a cook from 5:00 p.m. to 1:00 a.m., Thursdays as a dishwasher from approximately 5:00 p.m. to 1:00 a.m., Fridays as a cook from approximately 12:00 p.m. to 11:00 p.m., Saturdays as a cook from

approximately 9:00 a.m. to 10:00 p.m., and Sundays as a cook from 10:00 a.m. to 9:00 p.m. and as a dishwasher from 9:00 p.m. to 1:00 a.m.

59. From in or about 2014 through 2015, Crup was paid $10.00 per hour for hours worked as a cook, including hours worked over forty per workweek.

60. From in or about 2014 through 2015, Crup was paid $8.00 per hour for hours worked as a dishwasher, including hours worked over forty per workweek.

61. Defendants failed to compensate Crup at time and one-half his regular hourly rate for all hours worked beyond forty hours per workweek.

62. In 2015, Crup was not paid the statutory minimum wage when he worked as a dishwasher.

63. Crup regularly worked shifts that spanned more than ten hours a day.

64. Defendants did not pay Crup spread-of-hours pay of an additional hour's pay at the minimum wage for every day in which his shift spanned more than ten hours.

65. Defendants failed to furnish Crup with annual wage notices.

66. Defendants failed to furnish Crup with accurate statements of wages.

**FIRST CLAIM**
**(Fair Labor Standards Act – Unpaid Minimum Wage)**

67. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

68. The FLSA and NYLL require that employers pay employees a minimum wage for all weekly hours worked up to forty.

69. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a), and employed plaintiffs.

70. The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201, et seq. and the supporting federal regulations, apply to defendants.

71. Defendants failed to pay Crup the minimum wages to which he was entitled under the FLSA.

72. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Crup.

73. As a result of defendants' willful violations of the FLSA, Crup suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM**
**(New York Labor Law – Unpaid Minimum Wage)**

74. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

75. The NYLL requires that employers pay employees a minimum wage for all hours worked.

76. Defendants were plaintiffs' employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and employed plaintiffs.

77. Defendants failed to pay Crup the minimum wages to which he was entitled under the NYLL for his hours worked as a dishwasher during 2015.

78. Defendants were required to pay Crup the full minimum wage at a rate of $8.75 for all hours worked from December 31, 2014 through December 21, 2015 under

the NYLL § 650 et seq. and supporting New York State Department of Labor Regulations.

79. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Crup the minimum hourly wage.

80. As a result of defendants' willful violations of the NYLL, Crup is entitled to recover his unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

**THIRD CLAIM**
**(Fair Labor Standards Act – Unpaid Overtime)**

81. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

82. Plaintiffs worked in excess of forty hours and defendants failed to pay them one and one-half (1½) times the regular rate for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA.

83. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay plaintiffs overtime wages.

84. Defendants did not make a good faith effort to comply with the FLSA with respect to the compensation of plaintiffs.

85. Due to defendants' willful violations of the FLSA, plaintiffs are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

**FOURTH CLAIM**
**(New York Labor Law – Unpaid Overtime)**

86. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

87. Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay plaintiffs one and one-half (1½) times the regular rate of pay for all hours worked in excess of forty in a workweek.

88. Defendants have failed to pay plaintiffs the overtime wages to which they were entitled under the NYLL.

89. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay plaintiffs overtime wages.

90. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay plaintiffs overtime wages based on the appropriate minimum wage rate.

91. Due to defendants' willful violations of the NYLL, plaintiffs are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

**FIFTH CLAIM**
**(New York Labor Law – Spread-of-Hours Pay)**

92. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

93. Defendants did not pay plaintiffs the required spread-of-hours pay of an additional hour's pay at the minimum wage rate for every day in which their shift spanned more than ten hours.

94. Defendants willfully failed to pay plaintiffs additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which their daily shifts spanned more than 10 hours.

95. By defendants' failure to pay plaintiffs spread-of-hours pay, defendants willfully violated the NYLL Article 19, § 650, *et seq.*, and the supporting New York State

Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. §§ 137-1.7, 3.10, 146-1.6.

96. Due to defendants' willful violations of the NYLL, plaintiffs are entitled to recover unpaid spread-of-hours pay, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest, and liquidated damages.

**SIXTH CLAIM**
**(New York Labor Law – Wage Theft Prevention Act)**

97. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

98. The NYLL and Wage Theft Prevention Act ("WTPA") require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay. From its enactment on April 9, 2011, through 2014, the Wage Theft Prevention Act also required employers to provide an annual written notice of wages to be distributed on or before February 1 of each year of employment.

99. The NYLL and WTPA also require employers to provide employees with an accurate wage statement each time they are paid.

100. Throughout plaintiffs' employment with defendants, defendants paid plaintiffs without providing a wage statement accurately listing: the regular rate, overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

101. In violation of NYLL § 191, defendants failed to furnish to plaintiffs at the time of hiring, whenever there was a change to plaintiffs' rates of pay, and on or before February 1 of each year of employment through 2014, wage notices containing

the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

102. Defendants failed to furnish plaintiffs with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL § 195(3).

103. Due to defendants' violation of NYLL § 195(1), plaintiffs are entitled to recover from defendants liquidated damages of $50 per day that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

104. Due to defendants' violation of NYLL § 195(3), plaintiffs are entitled to recover from defendants liquidated damages of $250 per workweek that the violation occurred, up to a maximum of $5,000, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs, respectfully request that this Court enter a judgment:

a. declaring that defendants have violated the minimum wage provisions of the NYLL;

b. declaring that defendants have violated the overtime provisions of the FLSA and the NYLL;

c. declaring that defendants have violated the spread-of-hours provisions of the NYLL;

d. declaring that defendants' violations of the FLSA and NYLL were willful;

e. declaring that defendants violated the notice provisions of the NYLL and WTPA;

f. awarding plaintiffs damages for the difference between the full hourly wage as mandated by the FLSA and the NYLL, and the hourly wages actually paid to the plaintiffs for the hours they worked;

g. awarding plaintiffs damages for unpaid overtime wages;

h. awarding plaintiffs damages for unpaid spread-of-hours compensation;

i. awarding plaintiffs liquidated damages in an amount equal to twice the total amount of the wages found to be due, pursuant to the FLSA and NYLL;

j. awarding plaintiffs reasonable attorneys' fees, costs, pre- and post-judgment interest pursuant to the FLSA and the NYLL; and

k. awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 2, 2016

PECHMAN LAW GROUP PLLC

By: ______________________________
Louis Pechman
Washcarina Martinez Alonzo
Pechman Law Group PLLC
488 Madison Avenue - 11th Floor
New York, New York 10022
(212) 583-9500
pechman@pechmanlaw.com
martinez@pechmanlaw.com
*Attorney for Plaintiffs*